UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

STEPHEN JOSEPH FANTOZZI,

                    Plaintiff,

           -against-

xx
CITY OF NEW YORK; NYPD POLICE
OFFICER ANTHONY P. SCLAFANI; NYPD 1st
PRECINCT  COMMANDING  OFFICER
ANGEL L. FIGUEROA, JR.; and NYPD
OFFICERS JOHN AND JANE DOE 1 through
10, individually and in their official capacities (the
names John and Jane Doe being fictitious, as their
true names are presently unknown),

                    Defendants.

------------------------------------------------------------X

**COMPLAINT**

Jury Trial Demanded

21-CV-4439

## INTRODUCTION

1.    Plaintiff Stephen Joseph Fantozzi ("Plaintiff"), through his attorney, Joe Stancati, Esq., brings this action for compensatory damages, punitive damages and attorneys' fees for the wrongful and illegal acts of Defendants CITY OF NEW YORK ("CITY"), New York City Police Department ("NYPD") Police Officer ANTHONY P. SCLAFANI ("Defendant SCLAFANI"), NYPD 1st Precinct Commanding Officer ANGEL L. FIGUEROA, JR. ("Defendant FIGUEROA"), and NYPD Police Officers JOHN and JANE DOE 1 through 10 (collectively, "DEFENDANTS"), in violation of Plaintiff's rights under the federal laws and Constitution of the United States of America.

## NATURE OF THE ACTION

2.    This is an action to recover money damages on Plaintiff's behalf arising out

of DEFENDANTS' violation of Plaintiff's rights upheld by 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the Constitution of the United States of America.

## JURISDICTION AND VENUE

3.    This action seeks redress for the violation of Plaintiff's constitutional and civil rights, pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States of America.

4.    The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

5.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c).

## JURY DEMAND

6.    Plaintiff demands a trial by jury in this action.

## PARTIES

7.    Plaintiff resides in the State of California; all of the events pertinent to this action occurred in New York County in the City and State of New York.

8.    Defendant CITY is a municipal corporation organized under the laws of the State of New York. Defendant CITY is authorized by law to maintain and operate the NYPD, an agency of Defendant CITY in the area of law enforcement. Defendant CITY is thereby responsible for the actions of the NYPD. The NYPD is responsible for the training, appointment, supervision, promotion and discipline of police officers and supervisory police officers, including the individually-named defendants herein.

9.    Defendant Police Officer ANTHONY P. SCLAFANI and Defendant NYPD 1st Precinct Commanding Officer ANGEL L. FIGUEROA, JR., at all pertinent

2

times, were carrying out their official duties as a police officers, sergeants, detectives or supervisors employed by the NYPD, with the authority attendant to those positions, under color of state law. Defendant NYPD Police Officer ANTHONY P. SCLAFANI and Defendant NYPD 1st Precinct Commanding Officer ANGEL L. FIGUEROA, JR., are sued in their individual and official capacities.

10.     NYPD Police Officers JOHN and JANE DOE 1 through 10, at all pertinent times, were carrying out their official duties as police officers, detectives or supervisors employed by the NYPD, with the authority attendant to those positions, under color of state law. Defendants JOHN and JANE DOE 1 through 10 are sued in their individual and official capacities

11.     Plaintiff presently does not know the true names and shield numbers of defendants JOHN and JANE DOE 1 through 10.

## **FACTS**

12.     Plaintiff is 54 year-old man who lived in New York City on May 18, 2018.

13.     At the time of this incident, Plaintiff had never been arrested or charged with any crime by police in any jurisdiction.

14.     On May 18, 2018, at about 4:30 p.m., Plaintiff was lawfully present outside at or around 50 Battery Place in Manhattan.

15.      As Plaintiff was seated on public bench at said location, a uniformed NYPD Police Officer, without provocation or any probable cause, shouted at Plaintiff as he approached Plaintiff, "Stephen Fantozzi! Stand up and turn around!"

16.     Upon information and belief, this uniformed NYPD Police Officer was Defendant SCLAFANI, but it is possible that said officer was the not yet-identified

Defendant NYPD Police Officer JOHN DOE 1 ("Defendant JOHN DOE 1").

17.    Defendant SCLAFANI (or alternatively Defendant JOHN DOE 1) then aggressively grabbed and restrained Plaintiff, again without any probable cause, privilege or consent.

18.    Although Plaintiff did not in any way resist at any time, Defendant SCLAFANI (or alternatively Defendant JOHN DOE 1), attacking Plaintiff from behind, repeatedly "swipe-kicked" Plaintiff's left leg, and then hooked his left leg around Plaintiff's left leg.

19.    Using his left leg, Defendant SCLAFANI (or alternatively Defendant JOHN DOE 1) pulled Plaintiff's left leg out from under him and stiff-arm shoved Plaintiff to the ground face-down.

20.    Defendant SCLAFANI (or alternatively Defendant JOHN DOE 1) stomped with great force on Plaintiff's lower back, causing Plaintiff to suffer severe pain and significantly exacerbating injuries that Plaintiff had previously suffered to his lower back.

21.    Defendant SCLAFANI (or alternatively Defendant JOHN DOE 1) extended Plaintiff's right arm and stomped with great force on Plaintiff's right hand.

22.    Said Defendant's stomping on Plaintiff's right hand caused severe and permanent injury to it, and caused Plaintiff to lose function in that hand for several months after the attack.

23.    While still on the ground Plaintiff was immediately handcuffed extremely excessively tightly, causing extreme pain and resulting in the injury of "handcuff neuropathy" in Plaintiff's right hand, an injury that continues to the present.

24.    Although Plaintiff immediately told Defendant SCLAFANI (or

alternatively Defendant JOHN DOE 1) that said handcuffing was causing him extreme pain, said Defendant ignored Plaintiff's plea.

25.     These handcuffs remained on while Plaintiff was placed in restraints in the back of an ambulance, and were loosened only after the ambulance was en route to Mount Sinai Beth Israel Hospital in Manhattan.

26.     While still on the ground and handcuffed (before being taken into the ambulance), Plaintiff told Defendant SCLAFINI (or alternatively Defendant JOHN DOE 1) that he had preexisting injuries to both of his shoulders, and begged him not to pull him up by his arms.

27.     Brutally and wantonly ignoring this, said Defendant pulled Plaintiff up from the ground by the handcuffs. This exacerbated said preexisting injuries to both shoulders, caused extreme pain, and caused internal bleeding in both shoulders.

28.     Upon information and belief, Defendant FIGUEROA was in the immediate vicinity of and observed all of the above-described false arrest and excessive use of force perpetrated by Defendant SCLAFINI (or alternatively Defendant JOHN DOE 1).

29.     Upon information and belief, Defendant FIGUEROA did nothing to intervene to stop or in any way mitigate the injuries being inflicted upon Plaintiff by Defendant SCLAFINI (or alternatively Defendant JOHN DOE 1).

30.     Upon information and belief, Defendant NYPD Police Officers JOHN and JANE DOE 1 through 10 were in the immediate vicinity of and observed all of the above-described false arrest and excessive use of force perpetrated by Defendant SCLAFINI (or alternatively Defendant JOHN DOE 1).

31.     Upon information and belief, Defendant NYPD Police Officers JOHN and

JANE DOE 1 through 10 did nothing to intervene to stop or in any way mitigate the injuries being inflicted upon Plaintiff by Defendant SCLAFINI (or alternatively Defendant JOHN DOE 1).

32.     After being placed in restraints in the back of an ambulance, Plaintiff was transported to Sinai Beth Israel Hospital for treatment the myriad injuries he sustained in this brutal attack.

33.     Said injuries are ongoing and permanent.

34.     No charges of any kind were brought against Plaintiff.

## FIRST CLAIM
### False Arrest under 42 U.S.C. § 1983.

35.     Plaintiff repeats and re-alleges every allegation contained in the paragraphs above as if fully set forth herein.

36.     As a result of all aforementioned conduct by the herein-named Defendant NYPD police officers ("Defendant Officers"), Plaintiff was subjected to an illegal, improper, and false arrest, taken into custody, and falsely detained, confined and imprisoned by Defendant Officers, without any probable cause, privilege or consent.

37.     As a direct and proximate result of the foregoing, these Defendant Officers deprived Plaintiff of his liberty and Plaintiff was at all times aware of his confinement. Plaintiff was subjected to handcuffing and other physical restraints without probable cause.

38.     As a direct and proximate result of his false arrest, Plaintiff was subjected to humiliation, embarrassment and disgrace within his community. Plaintiff's reputation with his community suffered as a result of this false arrest.

39.     Plaintiff suffered physical discomfort, excruciating pain, fear for his life,

ongoing/continuing mental and emotional torment, and public humiliation and embarrassment.

40.     These Defendant Officers carried out the aforementioned acts under color of state law.

41.     This false arrest of Plaintiff without probable cause or reasonable suspicion deprived Plaintiff of rights secured by Fourth and Fourteenth Amendments to the Constitution of the United States of America, in violation of 42 U.S.C. § 1983, for which these Defendant Officers are individually liable.

42.     These actions were intentional, wanton, malicious, reckless, and oppressive and entitle Plaintiff to an award of punitive damages.

43.     These Defendant Officers are liable, in their individual and official capacities, for compensatory and punitive damages, in amounts to be determined at trial.

## SECOND CLAIM
### Excessive Force under 42 U.S.C. § 1983.

44.     Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

45.     The degree of force used by Defendant SCLAFINI (or alternatively Defendant JOHN DOE 1) was excessive, unreasonable and unwarranted.

46.     Said Defendant's actions were intentional, willful, malicious, egregious, grossly reckless, gratuitous, unconscionable and unprovoked.

47.     Said Defendant carried out the aforementioned acts under color of state law.

48.     This brutal and excessive use of force against Plaintiff was committed by Defendant SCLAFINI (or alternatively Defendant JOHN DOE 1) without any provocation,

justification, or privilege, and deprived Plaintiff of rights secured by Fourth and Fourteenth Amendments to the Constitution of the United States of America, in violation of 42 U.S.C. § 1983, for which said Defendant is individually liable.

49. As a result of the excessive force and brutality used by said Defendant, Plaintiff has endured and continues to endure severe physically and emotional pain and suffering.

50. As a direct and proximate result of the excessive force used against Plaintiff, Plaintiff suffered extreme physical pain and discomfort; permanent physical injuries; mental and emotional pain; and public humiliation and embarrassment.

51. All of the aforementioned acts of said Defendant constituted excessive force in violation of the Constitution of the United States and said Defendant is liable for said severe pain and severe injuries.

52. Said Defendant is liable, in his individual and official capacities, for compensatory and punitive damages, in amounts to be determined at trial.

## THIRD CLAIM
### Failure to Intervene under 42 U.S.C. § 1983.

53. Plaintiff repeats and re-alleges every allegation contained in the paragraphs above as if fully set forth herein.

54. The individually-named Defendant Officers who were present during the incident but did not actively participate in the unlawful conduct described herein, including Defendant FIGUEROA and Defendant NYPD Police Officers JOHN and JANE DOE 1 through 10, did observe such conduct and had an opportunity to prevent such conduct, and therefore had an affirmative duty to intervene on behalf of Plaintiff to prevent the

aforementioned violations of his constitutional rights by Defendant SCLAFINI (or alternatively Defendant JOHN DOE 1).

55.     Said individually-named Defendant Officers failed to so intervene.

56.     As a direct and proximate result of these Defendant Officers' abdication of their affirmative duty to so intervene on behalf of Plaintiff, Plaintiff was deprived of his liberty and suffered extreme physical pain and discomfort; permanent physical injuries; mental and emotional pain; and public humiliation and embarrassment.

57.     These Defendant Officers carried out the aforementioned actions and failures to act under color of state law.

58.     These actions and failures to act deprived Plaintiff of rights secured by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, in violation of 42 U.S.C. § 1983, for which these Defendant Officers are individually liable.

59.     These Defendant Officers are liable, in their individual and official capacities, for compensatory and punitive damages, in amounts to be determined at trial.

## FOURTH CLAIM
### Municipal Liability under 42 U.S.C. § 1983.

60.     Plaintiff repeats and re-alleges every allegation contained in the paragraphs above as if fully set forth herein.

61.     All of the aforementioned actions and failures to act committed by DEFENDANTS deprived Plaintiff of the rights, privileges, and immunities guaranteed to his by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, in violation of 42 U.S.C. § 1983.

62.     The acts of the individual Defendant Officers complained of herein were

committed while they were carrying out their official duties as police officers, detectives or supervisors employed by the NYPD, with the authority attendant to those positions, under color of state law.

63.    The acts of the individual Defendant Officers complained of herein were committed pursuant to the customs, policies, usages, practices, procedures, and rules of Defendant CITY and the NYPD, all under the supervision of ranking officers of the NYPD.

64.    Said customs, policies, usages, practices, procedures, and rules of Defendant CITY and the NYPD include flagrant disregard for the rights of citizens to be free from false arrest not based upon probable cause, and from the use of wantonly brutal excessive force against them.

65.    The foregoing customs, policies, usages, practices, procedures, and rules of Defendant CITY and the NYPD produced a deliberate indifference to the safety, well-being and constitutional rights of Plaintiff.

66.    The foregoing customs, policies, usages, practices, procedures, and rules of Defendant CITY and the NYPD were the direct and proximate cause of the constitutional violations suffered by Plaintiff, as alleged herein.

67.    The foregoing customs, policies, usages, practices, procedures, and rules of Defendant CITY and the NYPD were the moving force behind the constitutional violations suffered by Plaintiff, as alleged herein.

68.    Defendant Officers, collectively and individually, while acting under color of state law, were directly and actively involved in violating Plaintiff's constitutional rights.

69.    Defendant Officers, collectively and individually, while acting under color

of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers and were directly responsible for the violation of Plaintiff's constitutional rights.

70.    Defendant CITY, as municipal policymaker in the training and supervision of the NYPD, has pursued a policy and custom of deliberate indifference to the rights of persons in its domain who suffer violations of the right to freedom from false arrest and from use of excessive force, in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

71.    All of the foregoing acts by DEFENDANTS deprived Plaintiff of federally-protected rights, including, *inter alia*, the right:

    a.    To be free from search, seizure, arrest, and imprisonment not based upon reasonable suspicion or probable cause;

    b.    To be free from being subjected to brutal and excessive force in an unprovoked assault by police officers; and

    c.    To be free from deprivation of liberty without due process of law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment against DEFENDANTS as follows:

1. Compensatory damages against all DEFENDANTS, jointly and severally;

2. Punitive damages against Defendant Officers, jointly and severally;

3. Reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

4. Such other and further relief as this Court deems just and proper.


Dated:         May 18, 2021
               New York, NY


                                    Respectfully,


                                    */s/ Joseph M. Stancati*
                                    _____

                                    **Law Office of Joe Stancati**
                                    305 Broadway, 7th Floor
                                    New York, NY 10007
                                    212-858-9205
                                    joe@stancati-law-nyc.com

                                    *Attorney for Plaintiff*