# MEMORANDUM ENDORSED



```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  7/8/2021
```

**THE CITY OF NEW YORK**
## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**GEORGIA M. PESTANA**
*Acting Corporation Counsel*

**INNA SHAPOVALOVA**
*Assistant Corporation Counsel*
Phone: (212) 356-2656
Fax: (212) 356-3509
Email: inshapov@law.nyc.gov

July 8, 2021

**BY ECF**
Honorable Gregory H. Woods
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

  Re:  Stephen Joseph Fantozzi v. City of New York, et al.
      21 CV 04439 (GHW)

Your Honor:

  I am an Assistant Corporation Counsel in the Office of Georgia M. Pestana, Acting Corporation Counsel of the City of New York, and the attorney for defendant City of New York ("City") in the above-mentioned matter. Defendant writes to respectfully request an adjournment of the initial conference currently scheduled for August 20, 2021 at 4 p.m. *sine die* until a date following the conclusion of the mediation as set forth in in Local Civil Rule 83.10(8). This is defendant City's first request for an adjournment of the initial conference and plaintiff's counsel, Joseph Stancati, consents to this request. Upon information and belief, this extension will not affect any other Court-ordered deadlines in this litigation.

  By way of background, plaintiff brings this action, pursuant to 42 U.S.C. § 1983, alleging *inter alia*, false arrest, excessive force, and failure to intervene related to his May 18, 2018 arrest. In addition to the City, plaintiff also names Police Officer Anthony P. Sclafani, Commanding Officer Angel L. Figueroa, Jr., and Police Officers John and Jane Doe 1 through 10 as defendants in this action. On May 18, 2021, this case was designated for participation in Local Civil Rule 83.10 (hereinafter "the Plan").

  Per the Plan, the parties are to have their Rule 26(f) conference within 14 days after the first defendant files its answer; initial disclosures should be exchanged within 21 days after the first defendant files its answer; and the limited discovery required under the Plan must be completed within 28 days after the first defendant files its answer. (See S.D.N.Y. Local Civ. R. 83.10 §§ 4-5.) All other discovery is stayed, and the parties shall engage in settlement discussions and either have a settlement conference with a Magistrate Judge or a mediation

session with a Southern District mediator within 14 weeks after the first defendant files its answer. (See S.D.N.Y. Local Civ. R. 83.10 §§ 5, 7-8.) Defendant City respectfully requests that the Plan be allowed to run its course before engaging in an initial conference.

At this time, we are unable to calculate the deadline for defendant City to respond to the Complaint in accordance with Local Civil Rule 83.10 as we are still awaiting receipt of the § 160.50 release.[1] Under the terms of the Plan, at the same time that plaintiff serves the complaint, plaintiff must serve on the City the release annexed to the Plan as Exhibit A so that the City can access sealed arrest records for the arrest that is the subject of the complaint, and for a list of all prior arrests. (See S.D.N.Y. Local Civ. R. 83.10 §1) In addition, to the extent plaintiff seeks compensation for any physical or mental injury caused by the conduct alleged in the complaint other than "garden variety" emotional distress, plaintiff must serve on the City the medical release annexed as Exhibit B ("Medical Release") for all medical and psychological treatment records for those injuries at the same time that plaintiff serves the § 160.50 release. (See S.D.N.Y. Local Civ. R. 83.10 §1)

On June 22, 2021, defendant City was served with the complaint, however, at the time of service, the City was not provided with a § 160.50 or medical records release. Accordingly, on June 29, 2021, this Office contacted plaintiff's counsel Joseph Stancati and requested a fully executed § 160.50 release as well as medical releases, to the extent they are necessary. Upon receipt of a compliant § 160.50 release, defendant City will confer with plaintiff and provide the Court with the deadlines per Local Civil Rule 83.10.

Accordingly, Defendant City respectfully requests an adjournment of the initial conference currently scheduled for August 20, 2021 at 4 p.m. *sine die* until a date following the conclusion of the mediation as set forth in Local Civil Rule 83.10(8). Defendant thanks the Court for its time and consideration.

|  |  |
|---|---|
| cc: **BY ECF**<br><br>Joseph Michael Stancati, Esq.,<br>*Attorney for Plaintiff* | Respectfully submitted,<br><br>*Inna Shapovalova*<br><br>Inna Shapovalova<br>Assistant Corporation Counsel<br>Special Federal Litigation Division |

---

[1] It should be noted that while the docket reflects that the City's response to the complaint is due July 13, 2021, per the Plan, and as explained above, the answer deadline cannot be determined until the appropriate releases are provided to the City.

---

Application granted. Defendant's request for an adjournment of the initial pretrial conference, Dkt. No. 11, is granted in part. The initial pretrial conference scheduled for August 20, 2021, Dkt. No. 9, is adjourned to December 16, 2021 at 4:00 p.m. The joint letter and proposed case management plan described in the Court's May 19, 2021 order are due no later than December 9, 2021. The Clerk of Court is directed to terminate the motion pending at Dkt. No. 11.

SO ORDERED.

Dated: July 8, 2021
New York, New York

GREGORY H. WOODS
United States District Judge