

| | THE CITY OF NEW YORK | |
|---|---|---|
| **HON. SYLVIA O. HINDS-RADIX**<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **INNA SHAPOVALOVA**<br>*Assistant Corporation Counsel*<br>Phone: (212) 356-2656<br>Fax: (212) 356-3509<br>Email: inshapov@law.nyc.gov |

March 25, 2022

**BY ECF**
Honorable Gregory H. Woods
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/28/2022
```

**MEMORANDUM ENDORSED**

      Re:    Stephen Joseph Fantozzi v. City of New York, et al.
               21 CV 04439 (GHW)

Your Honor:

      I am an Assistant Corporation Counsel in the Office of the Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, and the attorney for defendant City of New York ("City") in the above-mentioned matter. Defendant writes to respectfully request that the Court compel plaintiff to correctly complete, execute, and return medical releases by a date certain, as we have not been able to move this litigation forward without plaintiff's medical records. To the extent the Court is inclined to grant this request, defendant additionally requests the Court grant the parties forty five (45) days to hold the § 1983 Plan mediation from the date of the receipt of the outstanding medical releases and an adjournment of the initial conference currently scheduled for 3:00 p.m. on April 20, 2022 to a date and time convenient for the court after the conclusion of the mediation scheduled pursuant to Local Civil Rule 83.10(8). As of the time of this filing, the undersigned has not heard back from plaintiff's counsel, Joseph Michael Stancati, regarding his position to the request for an extension of time to mediate and adjournment of the initial conference. Upon information and belief, this extension will not affect any Court-ordered deadlines in this litigation.[1] The undersigned sincerely apologizes for having to request yet

---

[1] There have been three previous requests to adjourn the initial conference. The first request was made because, pursuant to Local Civil Rule 83.10 ("the Plan"), in which this case is participating, defendant City was not yet able to calculate its time to respond to the complaint due to not yet having received the NY CPL § 160.50 release from plaintiff. The second request was jointly made by the parties because the mediation scheduled pursuant to the Plan was scheduled for a date after the initial conference. (ECF Nos. 11, 14) The third request was jointly

another extension, however, as explained below, the undersigned has attempted to move this litigation forward to no avail.

By way of background, plaintiff brings this action, pursuant to 42 U.S.C. § 1983, against defendants City of New York, Officer Anthony Sclafani, Officer Angel Figueroa, and a number of John Doe officers alleging *inter alia*, false arrest, excessive force, and failure to intervene related to a May 18, 2018 incident. More specifically, plaintiff alleges that on May 18, 2018, as he was in the vicinity of 50 Battery Place in Manhattan, a uniformed New York City Police Department Officer approached him, forced plaintiff face down on the ground, stomped on plaintiff's lower back and right hand, and handcuffed him. Plaintiff further alleges that he was then placed in restraints in the back of an ambulance, transported to Mount Sinai Beth Israel Hospital, and no criminal charges were ever brought against him. On May 18, 2021, this case was designated for participation in Local Civil Rule 83.10 and on June 22, 2021, defendant City was served. Although required by Local Civil Rule 83.10, at the time the City was served, plaintiff failed to provide the City with either a § 160.50 or medical records release.

Following a request from the undersigned, however, on August 24, 2021 plaintiff provided a § 160.50 Release, a medical release addressed to High Watch Recovery Center, and a medical release addressed to Mount Sinai Beth Israel Hospital, located at 281 1st Avenue in New York, New York. Pursuant to the deadlines outlined in Local Civil Rule 83.10, defendant responded to the complaint on October 25, 2021 and the mediation for this case was scheduled for January 26, 2022. On January 21, 2022, the parties filed a joint request for a sixty day extension of time to attend mediation because, despite having requested the medical records from the treatment facilities, the medical records still had not been produced to defendant. On January 23, 2022, Your Honor granted the parties' request and extended the deadline for the parties to mediate until April 1, 2022. (ECF No. 17).

Although this office followed up numerous times with Mount Sinai to attempt to obtain the records, it was not until March 11, 2022, that this Office was informed by the manager of the medical records department in Mount Sinai West Roosevelt Hospital that the medical records release provided was improperly addressed and that without the proper address on the release, the records could not be provided. To that end, this Office was informed that the medical records release was addressed to Mount Sinai Beth Israel Hospital, 281 1st Avenue, New York, New York, however, needed to be addressed to Mount Sinai Morningside, 419 W 114th Street, New York, New York.

Accordingly, immediately after learning this, on March 11, 2022, the undersigned contacted plaintiff counsel, Joseph Stancati, and informed him of what we learned; additionally, the undersigned requested that plaintiff provide a corrected executed release for the records so that we could attempt to obtain them. On March 21, 2022, Mr. Stancati indicated that he has been unable to reach plaintiff and therefore cannot obtain a corrected executed medical release at this time but that he would continue to attempt to reach him. Accordingly, on March 22, 2022, the undersigned followed up again with plaintiff's counsel and requested that the outstanding release be provided by Thursday, March 24th to avoid court intervention. On March 23rd, plaintiff's counsel informed the undersigned that he will continue his attempts to reach plaintiff

---

made by the parties in conjunction with their request for an extension of time to mediate. (ECF No. 16).

so that he can correct the issue. The undersigned advised plaintiff's counsel that due to the extensive delay and inability to assess the case and go to mediation without these records, defendant would need to move to compel the releases.

To date, plaintiff has not provided the outstanding medical records releases or indicated a date by which counsel can provide same. As Your Honor is likely aware, the § 1983 Plan explicitly provides that if any party fails to comply with any requirement under the § 1983 Plan, the other party shall promptly write to the presiding judge indicating the nature of the failure and request relief.

As such, the undersigned respectfully submits that defendant is unable to properly evaluate this case for settlement purposes and the parties are unable to have a productive mediation without all of the medical records concerning relevant treatment plaintiff received following the incident. Accordingly, defendant City respectfully requests that the Court compel plaintiff to correctly complete, execute, and return medical releases by a date certain. To the extent the Court is inclined to grant this request, defendant additionally requests the Court grant the parties forty five (45) days to hold the § 1983 Plan mediation from the date of the receipt of the outstanding medical releases and an adjournment of the initial conference currently scheduled for 3:00 p.m. on April 20, 2022 to a date and time convenient for the court after the conclusion of the mediation scheduled pursuant to Local Civil Rule 83.10(8).

Thank you for your consideration herein.

Respectfully submitted,

*Inna Shapovalova*

Inna Shapovalova
Assistant Corporation Counsel
Special Federal Litigation Division

cc: **BY ECF**
Joseph Michael Stancati, Esq.,
*Attorney for Plaintiff*

The Court will hold a teleconference in regard to this request on April 13, 2022 at 2:00 p.m. The parties are directed to the Court's Emergency Rules in Light of COVID-19, which are available on the Court's website, for the dial-in number and other relevant instructions. The parties are specifically directed to comply with Rule 2(C) of the Court's Emergency Rules.

SO ORDERED.

Dated: March 28, 2022
New York, New York

_____
GREGORY H. WOODS
United States District Judge